JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-05383 DMG (JCx)** | Date | June 28, 2012 |
|---|---|---|---|

| Title | *1427 W. 108th Street, LLC, et al. v. Victor Monterosas, et al.* | Page | 1 of 2 |
|---|---|---|---|

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE |
|---|---|

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

On January 20, 2012, Plaintiffs 1427 W. 108th Street, LLC and Bild LA, LLC filed a complaint in Los Angeles County Superior Court for unlawful detainer against Defendant Victor Monterosas. Plaintiffs seek possession of real property and restitution for Defendant's use and occupancy of the property in the amount of $50 per day starting on January 18, 2012. (Compl. at 4.) Monterosas removed the case to this Court on June 21, 2012, asserting subject matter jurisdiction on the basis of a federal question. *See* 28 U.S.C. §§ 1331, 1441.

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

The complaint raises no federal question. Federal jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60, 129 S.Ct. 1262, 173 L.Ed.2d 206 (2009). Nor does the complaint reveal a basis for diversity jurisdiction. The amount in controversy is well below the $75,000 jurisdictional threshold for diversity jurisdiction. *See* 28 U.S.C. § 1332(a). The caption of the underlying state court complaint clearly states that the amount of damages sought by Plaintiffs does not exceed $10,000.

In addition, Monterosas contends that "[n]o fair or valid judgment could be issued" by a state court judge because California judges all have a financial interest in mortgage-backed securities through their participation in the state pension scheme, CalPERS. (Notice of Removal [Doc. # 1] at 3.) The actual or perceived bias of state court judges, however, is not a basis for removal. *See Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 9 (E.D.N.Y. 2005) ("[A] state

---

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 12-05383 DMG (JCx) | Date | June 28, 2012 |
| Title | 1427 W. 108th Street, LLC, et al. v. Victor Monterosas, et al. | Page | 2 of 2 |

court's purported violation of a party's federal due process rights cannot serve as the basis for removing the state court proceeding to federal district court." (citation omitted)).

Moreover, Plaintiff's former mortgage and its alleged securitization are not at issue here. "Unlawful detainer actions are . . . of limited scope, generally dealing only with the issue of right to possession and not other claims between the parties, even if related to the property." *Larson v. City of San Francisco*, 192 Cal. App. 4th 1263, 1297, 123 Cal. Rptr. 3d 40 (2011) (citing *Birkenfeld v. City of Berkeley*, 17 Cal. 3d 129, 151, 130 Cal. Rptr. 465 (1976)). Thus, any interest California judges may have in mortgage-backed securities is immaterial to their impartiality in this case.

As Monterosas has not established a basis for subject matter jurisdiction, this action is hereby **REMANDED** to Los Angeles County Superior Court.

**IT IS SO ORDERED.**